UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA GARCIA, | ) |
| | ) No. CV-09-3074-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 22, 2010 (Ct. Rec. 17, 19). Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Kathryn Ann Miller represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On August 2, 2010, plaintiff filed a reply (Ct. Rec. 21). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** defendant's motion for summary judgment (Ct. Rec. 19) and **DENIES** plaintiff's motion for summary judgment (Ct. Rec. 17).

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) on September 24, 2007, alleging onset as of June 22,

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                              - 1 -

2007 (Tr. 70-72). The applications were denied initially and on reconsideration. (Tr. 29-32, 35-36).

A hearing was held before Administrative Law Judge (ALJ) R. S. Chester on October 29, 2007 (Tr. 316-350). Plaintiff, represented by counsel, and vocational expert Fred Cutler testified. On December 18, 2008, the ALJ found plaintiff not disabled (Tr. 16-22). The Appeals Council denied a request for review on June 26, 2009 (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on August 10, 2009 (Ct. Rec. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of the parties, and are summarized here as necessary.

Plaintiff was 52 years old at the hearing (Tr. 323). She has a tenth grade education and past relevant work as a cashier and as an agricultural worker (Tr. 327-334). She alleges disability onset as of June 22, 2007, due to coronary artery disease, leg and back problems, and [high] cholesterol (Tr. 85).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act

also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which

determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th

Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432,

433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB requirements through December 31, 2011 (Tr. 16, 18). The ALJ found at step one plaintiff has not engaged in substantial gainful activity since onset (Tr. 18). At steps two and three, the ALJ found that plaintiff suffers from ischemic heart disease and peripheral vascular arterial disease, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment (Tr. 18-19). The ALJ found plaintiff less than completely credible (Tr. 20-21). At step four, relying on the VE, ALJ Chester found plaintiff's RFC for a range of light work permits her to perform her past relevant work as a cashier or agricultural sorter (Tr. 21-22). The ALJ's step four conclusion ended the sequential evaluation. Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 22).

## ISSUES

Plaintiff alleges the Commissioner erred when he assessed her RFC and asked the VE a hypothetical because neither was supported by substantial evidence. She alleges error at step four. Last, Ms. Garcia alleges the ALJ failed to fully and fairly develop the record (Ct. Rec. 18 at 5). According to the Commissioner, the ALJ properly weighed the evidence, including plaintiff's credibility.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6 -

At step four, ALJ Chester properly relied on the VE's testimony with respect to how plaintiff's agricultural job is generally (as opposed to actually) performed. The ALJ met his duty to develop the record because it is adequate and lacks ambiguity. The Commissioner asks the Court to affirm his decision (Ct. Rec. 20 at 6-15).

## DISCUSSION

### A. Weighing medical evidence

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is

given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends the ALJ failed to include all of Ms. Garcia's limitations in the hypothetical he asked the VE. Specifically, she alleges because the ALJ's assessed RFC includes an option to sit and stand *or walk* (Tr. 19), but his question omits the *or walk* limitation (Tr. 345-346), the VE's testimony is inadequate (Ct. Rec. 18 at 5, 8-10).

The Commissioner fails to directly address the argument. He asserts the ALJ "never found plaintiff able to engage in prolonged walking" and "never found plaintiff must leave her workstation to walk around; rather, he found that she could alternate this activity with sitting or standing" (Ct. Rec. 20 at 8-9).

In the Court's view the hypothetical includes all limitations supported by the evidence, as required. *See Magallanes v.* Bowen, 881 F.2d 747, 756 (9th Cir. 1989). Accordingly, the ALJ's error with respect to the difference between his assessed RFC and the hypothetical is harmless because correcting it would not change the outcome.

The ALJ weighed the assessments of plaintiff's treating physician, Craig Whittlesey, M.D. (Tr. 19-21). On March 13, 2008, about seven months before the hearing, plaintiff saw Dr. Whittlesey for a DSHS evaluation (Tr. 197). He notes plaintiff

> has low back pain, which supposedly has gotten worse recently and now is complaining of claudication symptoms in her left leg. She states that she has known about that for quite some time. She can only walk about one block before having significant left calf pain. Furthermore, she is still smoking a pack and a half per day and has had no success in stopping . . .
>
> We will plan to see her back on an as needed basis. We should try to get her on Chantix to get her off of the cigarettes; that would be job one. In addition, she probably needs an MRA versus arterial duplex of her lower extremities for her [PAD].

(Tr. 197).

On the same date Dr. Whittlesey opined plaintiff is capable of light work, as the ALJ observes (Tr. 20-21, referring to Tr. 207-209). The form Dr. Whittlesey used defines as "light" work that "may require walking or standing up to 6 out of 8 hours" (Tr. 208). He further opined prolonged walking to look for work might be very difficult currently. Without medical treatment limitations could last at least twelve months (Tr. 209). He assessed no limitations for sitting or standing (Tr. 208).

The ALJ considered plaintiff's credibility when he weighed the medical evidence. Significantly, plaintiff does not challenge

the credibility determination in this appeal. The ALJ found plaintiff less than fully credible based on inconsistencies between her statements and the objective medical evidence, and on her noncompliance with treatment, including failing to take prescribed medication (Tr. 20-21).

Plaintiff testified she has been "sick since 2004" (Tr. 334). Ms. Garcia suffered a heart attack in 2003 and had surgery on December 16, 2003 (Tr. 273, 284-285). She failed to keep her follow up appointment (Tr. 274). The ALJ notes after surgery, testing was essentially normal (Tr. 20, 280). Plaintiff alleged onset as of June 22, 2007 [the date she stopped working[1]], meaning even though her impairments existed prior to onset, she was able to work (Tr. 20).

An example: in March 2007, plaintiff was seen in the ER. She experienced chest pain while working at Pet Mart and was admitted to rule out myocardial infarction (Tr. 168-169). The ALJ notes tests showed the cause was non-cardiac. Minh Nguyen, D.O., opined the pain was likely musculoskeletal (Tr. 18-20, 184). In October 2008 an echocardiogram showed no evidence of cardiac eschemia (Tr. 18, Exhibit 10F). The medical evidence does not show a worsening in plaintiff's condition (Tr. 303-304). Thus, as ALJ Chester opines, an ALJ may reasonably conclude plaintiff's impairments are not disabling and do not prevent her from working (Tr. 20).

Most importantly, plaintiff's treating doctor opines despite coronary artery disease, PAD, tobacco abuse, and low back pain, she is capable of performing light work (Tr. 21; Tr. 208). This

---

[1] Plaintiff told DSHS she stopped working in June 2006 (Tr. 215). She testified she last worked in June 2007 (Tr. 326).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10 -

contradicts plaintiff's assertion she cannot work because she tires very easily and has pain in the back, neck, arms and legs (Tr. 326).

These reasons are clear, convincing, and supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)(although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis); *Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(inconsistent statements diminish credibility); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)(activities inconsistent with allegedly severe limitations cast doubt on credibility).

The ALJ observes if plaintiff's health problems are not severe enough to motivate her to comply with treatment, it is difficult to accept her assertion that they are disabling (Tr. 20). At the hearing in October 2008, Ms. Garcia testified she was not receiving any medical treatment. She explained this was due to a lack of insurance and she was trying to get into the Farm Workers Clinic (Tr. 334-335)[2]. The ALJ points out in June 2008 Ms. Garcia admitted she had not taken prescribed medications for 8 to 9 months, and only recently reestablished treatment (Tr. 20, 256). This means after onset in June 2007, plaintiff (for unexplained reasons) took prescribed medication less than three months. Plaintiff fails to explain why she was trying to get treatment from a clinic in October 2008 but not after onset in 2007. And the ALJ notes plaintiff continues to smoke despite

---

[2] Records show plaintiff was seen at the Farm Workers Clinic July 17, 2008, three months before the hearing (Tr. 262).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

repeated medical advice to quit in light of her arterial disease and PAD (Tr. 20, citing Exhibit 7F and 9F; Tr. 336). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas,* 278 F.3d at 958-959; *Fair,* 885 F.2d at 603.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

*Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405(g).

The ALJ provided clear and convincing reasons supported by substantial evidence for finding plaintiff's allegations not fully credible. The ALJ properly weighed the medical evidence. The evidence supports his unchallenged credibility assessment. These decisions are supported by the record and free of legal error.

**B. RFC and VE**

In "hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

Treating Dr. Whittlesey's opinion supports the ALJ's sit or stand option posed in the hypothetical. He opines plaintiff can perform light work (Tr. 208). Dr. Whittlesey assessed no sitting or standing limitations (Tr. 208). With respect to walking, he opined prolonged walking may have been very difficult in plaintiff's current (March 2008) condition (Tr. 209), due to complaints of significant left calf pain she knew about "for quite some time." Plaintiff told Dr. Whittlesey this left calf pain is caused by walking more than a block (Tr. 197). The Court finds no doctor opines plaintiff needs a sit and "stand or walk" employment option.

In his hypothetical, the ALJ correctly omitted limitations that were not shown to have an effect on plaintiff's ability to work. Because the hypothetical included all of plaintiff's

limitations supported substantial evidence, the ALJ's error in the RFC is harmless.

*Past relevant work*

Plaintiff has worked as a cashier and ticketed agricultural (fruit) bins, a job not listed in the DOT (Tr. 327-334, 342). The VE opined the closest comparable position is agricultural produce sorter (Tr. 342). He further opined a person like plaintiff with an RFC for a range of light work requiring a sit/stand option could perform both of Ms. Garcia's past relevant jobs (Tr. 345-346). Plaintiff alleges the agricultural job as she actually performed it is not the job identified by the VE. Citing *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001), defendant asserts "the [VE] merely has to find that a claimant can or cannot continue his or her past relevant work either as generally performed or actually performed." The DOT is the best source for how a job is generally performed (Ct. Rec. 20 at 10). Because the DOT does not list the job of fruit bin ticketer, the VE relied on the closest listed position. And he testified a person with plaintiff's limitations could do this work as it is generally performed (Tr. 345-348). The ALJ did not err in relying on this testimony.

At least one occupation existing in significant numbers in the national economy is sufficient to support a finding that a claimant is not disabled. 20 C.F.R. § 416.966(b); *Tommasetti v. Astrue*, 533 F.3d 1035, 1043-1044 (9th Cir. 2008). Because the ALJ found plaintiff can do her past work as a cashier, any error with respect to the agricultural job is harmless because it is irrelevant to his nondisability finding. *Stout v. Comm'r of Soc.*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 14 -

*Sec.*, 454 F.3d 1050, 1056 (9th Cir. 2006); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990).

**C. Developing the record**

Plaintiff alleges the ALJ failed to adequately develop the record (Ct. Rec. 18 at 13-14) by failing to order testing for a possible herniated disc and a consultative examination including further unspecified arterial testing.

The ALJ did not fail to adequately develop the record. The duty to further develop the record was not triggered because the evidence in the record was not ambiguous, the ALJ did not find the record inadequate, and the ALJ did not rely on the opinion of any medical experts who concluded the evidence was ambiguous or inadequate. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ gave plaintiff's counsel an opportunity to brief the authority supporting the request for additional consultative evaluation but counsel did not timely avail himself of that opportunity. Accordingly, the argument is waived.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of harmful legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's motion for summary judgment **(Ct. Rec. 19)** is **GRANTED.**

2. Plaintiff's motion for summary judgment **(Ct. Rec. 17)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor

1  of defendant, and **CLOSE** this file.
2       DATED this 20th day of September, 2010.
3
4                              s/ James P. Hutton
5                           JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 16 -